**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 29, 2005**

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v                                                                          No. 126221

NAMAR WILEY,

Defendant-Appellant.

_____

**MEMORANDUM OPINION**

We hold that a sentence that exceeds the sentencing guidelines satisfies the requirements of MCL 769.34(3) when the record confirms that the sentence was imposed as part of a valid plea agreement. Under such circumstances, the statute does not require the specific articulation of additional "substantial and compelling" reasons by the sentencing court. MCL 769.34(3); *People v Babcock*, 469 Mich 247, 256-258; 666 NW2d 231 (2003).

Furthermore, a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that

1

specific sentence.[1]  MCR 6.302.  In that respect, this case is similar to *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), in which this Court stated that a defendant who pleads guilty with knowledge of the sentence will not be entitled to appellate relief on the basis that the sentence is disproportionate.  See also *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000).

We therefore affirm the judgment of the trial court. In all other respects, defendant's application for leave to appeal is denied, because we are not persuaded that this Court should review the other questions presented.

> Clifford W. Taylor
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

---

[1] It is fully understandable under the circumstances of a plea agreement why a defendant would waive appellate review of such a sentence, because it is implicit in every plea agreement that the defendant has derived some benefit from the agreement, otherwise it would not have been entered into.  However, there is no obligation upon the sentencing court to identify the reasons underlying the defendant's acceptance of the plea agreement or to inventory the specific benefits that the defendant might have derived.  Nevertheless, the court should complete the Sentencing Information Report and determine the appropriate guideline range, so that it is clear that the agreed-upon sentence constitutes a departure.