# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

JONATHAN APONTE,

    Defendant-Appellant.

UNPUBLISHED
December 23, 2014

No. 317883
Wayne Circuit Court
LC No. 12-010690-FC

Before:  O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted his guilty plea convictions of two counts of assault with intent to do great bodily harm less than murder, MCL 750.84.  Pursuant to a plea agreement, defendant was sentenced to 6 to 10 years' imprisonment for both convictions.  We affirm.

It is clear from the lower court record—and defendant does not dispute on appeal—that defendant understood and voluntarily accepted a plea offer that included a sentence agreement. The settlement offer signed by the prosecutor, defense counsel, and defendant clearly indicated that the plea agreement included a sentence agreement of 6 to 10 years' imprisonment. Likewise, before defendant pleaded guilty, the prosecutor and trial court expressly stated on the record that the settlement offer included a sentence agreement, and defense counsel confirmed that he had explained the agreement to defendant.  Furthermore, defendant's answers to the trial court's questions confirmed that his plea was voluntary, that he reviewed the plea with his attorney, and that he signed the plea agreement.  "[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005).  Thus, because there is no indication that the plea agreement—which expressly included the sentences imposed by the trial court—was invalid, defendant has waived review of his sentences on appeal.

Moreover, we find no error in the sentences imposed by the trial court.  Defendant first argues that the trial court erred because it failed to articulate a substantial and compelling reason for its departure from the sentencing guidelines.  However, in *Wiley*, our Supreme Court held:

> a sentence that exceeds the sentencing guidelines satisfies the requirements of MCL 769.34(3) when the record confirms that the sentence was imposed as part

-1-

of a valid plea agreement. Under such circumstances, the statute does not require the specific articulation of additional "substantial and compelling" reasons by the sentencing court. [*Id*.]

Accordingly, because the trial court imposed defendant's sentences as part of a valid plea agreement, the trial court was not required to articulate additional substantial and compelling reasons for its departure from the sentencing guidelines.

Next, defendant argues that the trial court violated the doctrine of proportionality and abused its discretion by imposing sentences that exceeded the sentencing guidelines. However, in *Wiley*, our Supreme Court stated that "a defendant who pleads guilty with knowledge of the sentence will not be entitled to appellate relief on the basis that the sentence is disproportionate." *Id*. Further, in *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993), our Supreme Court provided the following rationale for denying appellate relief to a defendant who pleaded guilty:

> [W]e caution that a defendant who pleads guilty . . . with knowledge of the sentence, and who later seeks appellate sentence relief under *People v Milbourn*, 435 Mich 630, 461 NW2d 1 (1990), must expect to be denied relief on the ground that *the plea demonstrates the defendant's agreement that the sentence is proportionate to the offense and offender.* [*Cobbs*, 443 Mich at 285 (emphasis added).]

As such, defendant is not entitled to appellate relief on the basis that his sentence in disproportionate.

Finally, defendant argues that the trial court erred because it failed to advise defendant that the sentence to be imposed was an upward departure from the sentencing guidelines. Further, defendant argues that the trial court failed to justify its departure by explaining that an offense characteristic was given inadequate or disproportionate weight. When a defendant pleads guilty, the trial court is required to make sure that the defendant understands "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law." MCR 6.302(B)(2). However, "automatic reversal is not required for a failure to give advice concerning the mandatory minimum and maximum sentences if the defendant is sentenced pursuant to a sentencing agreement." *People v Brown*, 492 Mich 684, 695 n 36; 822 NW2d 208 (2012). Moreover, the trial court imposed the sentence of 6 to 10 years' imprisonment pursuant to a sentence agreement. Consequently, the trial court had no obligation to explain whether it believed a particular offense characteristic was given inadequate or disproportionate weight because the sole reason for the departure was based on the sentence agreement that defendant accepted on the record.

Affirmed.

/s/ Peter D. O'Connell
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

-2-