# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDREW WILLIAM BOCK,

Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319249
Antrim Circuit Court
LC No. 2010-004338-FH

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant appeals by leave granted from his plea-based conviction of failing to pay child support, MCL 750.165. The trial court sentenced defendant to 32 to 48 months' imprisonment. For the reasons explained below, we affirm.

Defendant was charged with one count of failing to pay child support. At an April 2010 plea hearing, the prosecutor informed the court that pursuant to the plea agreement, if the court determined that a delayed sentence would be appropriate, defendant's sentence would be delayed for one year, during which defendant would be required to meet his child-support obligations as ordered by the court. The prosecutor stated that if the defendant did not pay the entire arrearage (approximately $21,000) within that year, the agreement called for placing defendant on probation while he continued to meet his child-support obligations. This exchange followed:

> *The court*: And, if he continues the program that he's had up until this point, which is one of a failure to pay, he's going to go to prison for the maximum period and the guidelines are irrelevant.
>
> *Prosecutor*: That's correct, your Honor.
>
> *The court*: All right.
>
> Is that the program you've outlined for your client?
>
> *Defense counsel*: It is, your Honor.

Thereafter, the Court questioned defendant as follows:

-1-

*The court*: You've listened to the discussion of this plea agreement on the record. And, it's more than a plea agreement, it's a plea agreement and a sentence bargain.

You feel you understand the terms?

*Defendant*: Yes, sir.

The Court then advised defendant as follows:

So, let's assume you pay for the year, but you can't pay the balance off in full. At the end of the year, you'll come back and I'll put you on probation for five years, which is the maximum period I can impose to have you work on this arrearage and pay your support over the next five years. Again, if you do what you're supposed to do, work and support your children, you're never going to go to jail.

Flip side of this is, if you continue on as you have in the past, which is as I said a studied failure to pay, a perverse failure to pay, it's a pretty big arrearage given the amount you are supposed to pay on a monthly basis, then we skip the guidelines and the deal we make is you go to prison for a maximum period. And, I will not approve you for boot camp . . . .

So you should not take this deal, you absolutely should not take this deal, unless you have a job, you are committed to keeping a job and committed to making these payments. . . .

The trial court then asked defendant if that was what he discussed with his attorney and if defendant still wished to accept the proposal, and defendant answered "Yes" to both queries. The trial court asked defendant if he understood that in the worst case scenario, he was going to prison for "a period of a maximum confinement," and defendant answered, "Yes." Defendant also acknowledged that by pleading guilty, he would lose his right to appeal his conviction and sentence. Defendant pleaded guilty to failing to pay child support, and the trial court accepted his plea.

At the delayed sentencing hearing on May 19, 2010, the trial court asked defendant if it was still his desire to proceed with the delayed sentencing, subject to the agreement they placed on the record at the time of his plea, and defendant answered, "Yes, sir." Defendant also acknowledged that the trial court would not be discussing the sentencing guidelines because they were "irrelevant." The trial court delayed defendant's sentence for 12 months, but ordered defendant to undergo substance-abuse testing and to refrain from substance abuse.

At a sentencing hearing on April 11, 2011, the court said defendant was addressing the arrearage in good faith, at least initially, and that it would keep up its end of the deal and place defendant on probation for 60 months, while holding a 12-month jail sentence in abeyance. The court further stated that the conditions of the delay were now the conditions of probation. On December 5, 2012, the trial court issued a bench warrant for defendant's arrest for failing to report as required by his probation officer. On May 20, 2013, defendant pleaded guilty to the

probation violation after being told by the court that he could receive up to four years' imprisonment if he pleaded guilty. At the June 10, 2013, sentencing hearing, the mother of the child in issue said defendant failed to meet his support obligations during the period of deferred sentencing, that he violated 20 out of 24 monthly obligations while on probation, and that he had not made a single support payment in the previous 14 months. The court concluded that defendant had not performed anywhere close to expectations.

As scored, defendant's sentencing guidelines called for a minimum sentence of 0 to 9 months, with a statutory maximum of 48 months. In sentencing defendant to 32 to 48 months' imprisonment, the court stated:

> For no other reason than to deter others from blowing off this program as you have, most people are successful with it, a subset aren't. I am going to keep my end of the deal. It is 32 to 48 months with the Department of Corrections and I will not approve you for boot camp. You are going to do the full 32. You have credit for 55 days of time served.

On appeal, defendant argues that reversal is warranted because the trial court imposed a minimum sentence above the range recommended by the sentencing guidelines without articulating a substantial and compelling reason for doing so. He further complains that his minimum sentence was not proportional to the offense because it was more than three times the highest minimum recommended under the guidelines.

"Under MCL 769.34(3), a minimum sentence that departs from the sentencing guidelines recommendation requires a substantial and compelling reason articulated on the record." *People v Smith*, 482 Mich 292, 299; 754 NW2d 284 (2008). "For a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history." *Id*. at 300. If a trial court fails to properly articulate substantial and compelling reasons justifying the departure, this Court "must remand the case to the trial court for resentencing or rearticulation of its substantial and compelling reasons to justify its departure." *People v Babcock*, 469 Mich 247, 260-261; 666 NW2d 231 (2003).

In *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005), the Michigan Supreme Court ruled that

> a sentence that exceeds the sentencing guidelines satisfies the requirements of MCL 769.34(3) when the record confirms that the sentence was imposed as part of a valid plea agreement. Under such circumstances, the statute does not require the specific articulation of additional "substantial and compelling" reasons by the sentencing court.
>
> Furthermore, a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence. [Citations omitted.]

Further, "a defendant who pleads guilty with knowledge of the sentence will not be entitled to appellate relief on the basis that the sentence is disproportionate." *Id*.

In accordance with defendant's plea agreement, the trial court disregarded the guidelines and sentenced him to the maximum prison term permitted under MCL 750.165 when defendant continued his pattern of noncompliance by violating the terms of his probation and failing to make child-support payments.[1] Defendant does not argue that his plea was invalid, that he attempted to withdraw his plea, or that his trial counsel was ineffective in advising him during the plea-bargaining process. See *People v Blount*, 197 Mich App 174, 175-176; 494 NW2d 829 (1992) ("[A] defendant who pleads guilty and is sentenced in accordance with a plea bargain and sentencing agreement waives the right to challenge the sentence unless there is also an attempt to withdraw the plea for a sound legal reason."). Accordingly, defendant is not entitled to appellate relief from the sentence to which he understandingly and voluntarily consented.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[1] We note that "probation is a matter of grace in lieu of a prison sentence aimed, in part, at rehabilitation and is at all times alterable and amendable . . . ." *People v Johnson*, 210 Mich App 630, 634; 534 NW2d 255 (1995). The key element is that the court explicitly informed defendant at the plea hearing that "if you continue on as you have in the past, which is as I said a studied failure to pay, it's a pretty big arrearage given the amount you are supposed to pay on a monthly basis, then we skip the guidelines and the deal we make is you go to prison for a maximum period."