# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES RAY JONES,

        Defendant-Appellant.

UNPUBLISHED
March 23, 2017

No.  330659
Genesee Circuit Court
LC No.  14-034920-FC

Before:  M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Charles Jones, appeals by delayed leave granted[1] his no-contest plea to assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced Jones as a fourth-habitual offender, MCL 769.12, to serve 96 to 180 months in prison on the assault conviction, consecutive to two years on the felony-firearm conviction and consecutive to his sentence in another case.  Subsequently, the trial court sua sponte amended the judgment of sentence to correct Jones's sentence on the assault conviction so that it would conform with a sentencing agreement between Jones and the court.  Under the amended judgment of sentence, Jones must serve 76 to 120 months in prison on the assault conviction.  For the reasons stated in this opinion, we affirm.

On appeal, Jones first challenges the trial court's decision to sentence him to 96 months to 180 years on the assault conviction because under a sentencing agreement with the court he should have been sentenced to no more than 76 months to 120 months for that conviction.  It is undisputed that at the sentencing hearing, contrary to MCR 6.310(B)(2)(b), the trial court failed to abide by the terms of the sentencing agreement and failed to give Jones an opportunity to withdraw his plea.  However, because the trial court amended the judgment of sentence to conform to the terms of the sentencing agreement, Jones's challenge to the trial court's original sentence is now moot.  See *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010) (stating that "[a]n issue is moot if an event has occurred that renders it

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered February 5, 2016 (Docket No. 330659).

-1-

impossible for the court to grant relief" or "when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy"). Likewise, Jones's argument that his trial lawyer was ineffective for failing to object to the original sentence on the basis of the sentencing agreement is also moot.

Jones next argues that the trial court's decision to score ten points each for offense variables (OVs) 4, 12, and 19 was not supported by a preponderance of the evidence. He also asserts that the trial court engaged in unconstitutional judicial fact-finding when scoring the OVs. However, Jones waived those arguments when he voluntarily and understandingly entered into a plea agreement with the prosecution that included a specific sentence pursuant to a *Cobbs*[2] agreement with the court. See *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005) (holding that a defendant waives any objection to a sentence when he voluntarily and knowingly accepts a plea bargain for that specific sentence).

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).