# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONQUIZE DEMAR DUNBAR,

        Defendant-Appellant.

UNPUBLISHED
November 28, 2017

No. 333510
Wayne Circuit Court
LC No. 15-005249-01-FC

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying his motions to withdraw his guilty plea and for resentencing, and granting his motion to change the scoring of offense variable (OV) 3 from 10 to 0 points. Defendant pleaded guilty, pursuant to a plea agreement, to carjacking, MCL 750.529a; armed robbery, MCL 750.529; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in exchange for sentences of 8 to 20 years' imprisonment for carjacking and armed robbery and two years' imprisonment for felony-firearm, and the dismissal of the remaining six charges.[2] We affirm defendant's convictions and sentences, but remand this case to determine the proper amount of restitution.

This case arose from the armed robbery and carjacking of three victims, John Cooke, Imaikop Inyang, and Aaron Leneair, by defendant and defendant's unnamed friend. Defendant raises three arguments on appeal: (1) that he is entitled to withdraw his guilty plea because it was involuntary due to his inability to understand it and due to ineffective assistance of his trial counsel, Antonio D. Tuddles; (2) that he is entitled to resentencing for "reasonable" sentences considering his changed OV score, his lack of prior offenses, and his "questionable" involvement

---

[1] *People v Dunbar*, unpublished order of the Court of Appeals, entered August 15, 2016 (Docket No. 333510).

[2] The six charges that were dismissed were unlawful driving away of a motor vehicle, MCL 750.413; two other counts of armed robbery, MCL 750.529; assault with a dangerous weapon (felonious assault), MCL 750.82; possession of a controlled substance, less than 25 grams, MCL 333.7403(2)(a)(v); and carrying a concealed weapon, MCL 750.227.

in the incident in question; and (3) that he is entitled to resentencing regarding restitution because the amount was not verified.

## I. WITHDRAWAL OF GUILTY PLEA

The trial court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea because defendant's guilty plea was knowing and voluntary, and his trial counsel did not provide ineffective assistance during the plea proceedings.

"A trial court's decision on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). Claims of ineffective assistance of counsel are mixed questions of law and fact. *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (quotation marks and citation omitted). This Court reviews the trial court's findings of fact for clear error, and reviews questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289.

## A. VOLUNTARINESS OF THE PLEA

A guilty plea must be knowing, voluntary, and understanding. MCR 6.302(A); *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012). By pleading guilty, a defendant waives the right to not incriminate himself, the right to a trial by jury, and the right to confront his accusers in court. *Cole*, 491 Mich at 332. For a guilty plea to be valid, a defendant must be aware of the direct consequences of the plea. *Id*. at 333. There is no absolute right for a defendant to withdraw a guilty plea after the trial court accepts it. *People v Eloby*, 215 Mich App 472, 474; 547 NW2d 48 (1996). MCR 6.310(C) allows a defendant to seek to withdraw his guilty plea within six months following sentencing; the trial court may allow withdrawal if "there was an error in the plea proceeding that would entitle the defendant to have the plea set aside . . . ." The decision whether to grant a defendant's motion to withdraw a plea after sentencing is within the discretion of the trial court. *Eloby*, 215 Mich App at 475.

The trial court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea because there were no defects in the plea proceedings. The trial court complied with the requirements of MCR 6.302 in determining that defendant's guilty plea was knowing, understanding, and voluntary. At the plea hearing, defendant responded "Yes" when the court asked whether he had had a "full, fair and complete opportunity to talk with" Tuddles about the case before appearing that day. Defendant stated that he understood the three charges against him, and his sentences, after the court explained the charges and the sentences. Defendant said he understood that he would be ordered to pay restitution. Defendant also said he understood that in pleading guilty, he would give up his trial rights. Defendant acknowledged his signature on the settlement offer and notice of acceptance, and told the court that he read and understood the form. Defendant said he understood that if he pleaded guilty, he would "give up any claim that [his] plea was the result of promises or threats that [the court was] not told about today and also give up any claim that it was not [his] own choice to plead guilty." Defendant testified that

no one promised him anything for pleading guilty, that no one threatened him to plead guilty, that it was his own choice to plead guilty, and that he pleaded guilty because he was, in fact, guilty. Defendant also responded "Yes" when the court asked him if he was satisfied with Tuddles's representation.

Defendant's assertions after sentencing that he did not fully understand the plea deal, and that Tuddles told him what to say, are in direct contradiction of his sworn testimony during his plea hearing. Defendant testified that his guilty plea was not the result of promises or threats, and that it was his choice to enter a guilty plea. Based on defendant's testimony at the plea hearing, it is clear that the plea was entered knowingly and voluntarily. Further, defendant signed a written settlement offer and notice of acceptance, which was confirmed by the trial court at the plea hearing. Because there were no errors at the plea hearing, defendant was not entitled to withdraw his guilty plea pursuant to MCR 6.310(C). *Brown*, 492 Mich at 692.

Defendant argues on appeal that he is innocent and wanted to go to trial, and that he suffers from a cognitive impairment and mental illness that affect his judgment and ability to comprehend.[3] However, it is not proper for a defendant to produce evidence after the fact that contradicts his sworn statements made under oath while entering a guilty plea in open court. See *People v White*, 307 Mich App 425, 429-431; 862 NW2d 1 (2014). In *White*, the defendant produced affidavits authored by him and family members to demonstrate that his trial counsel coerced him to plead guilty. *Id*. at 429. However, during his plea hearing, the defendant testified that he was satisfied with his trial attorney, that the plea was his own choice, and that he was not threatened to enter the plea. *Id*. This Court held "that because defendant's offer of proof, i.e., his own affidavit, is inconsistent with defendant's own testimony during the plea hearing, the trial court did not abuse its discretion when it denied defendant's request for an evidentiary hearing." *Id*. at 431. In the present case, the trial court did not abuse its discretion when it rejected defendant's affidavit because it directly contradicted the testimony he made under oath at the plea hearing.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

When a defendant alleges ineffective assistance of counsel in the context of a guilty plea, this Court must determine whether the defendant's plea was tendered "voluntarily and understandingly." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995). A defendant is entitled to the effective assistance of counsel during the plea-bargaining process just as he or she is entitled to the effective assistance of counsel at trial. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). Effective assistance of counsel is "strongly presumed." *People v Vaughn*, 491 Mich at 642, 670; 821 NW2d 288 (2012). When a defendant seeks relief for ineffective assistance of counsel in the plea-bargaining context, he or she must meet the two-pronged standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d

---

[3] Defendant's learning disability, mental health issues, and limited reading skills, as reported by defendant and his mother, were included in the presentence investigation report. Accordingly, the court was aware of these issues at the time of sentencing, but neither party challenged defendant's competency based on his mental capacity.

674 (1984). *Douglas*, 496 Mich at 592. The defendant must show "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.*, quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). In demonstrating the second prong of the standard, "the 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163.

Defendant is not entitled to withdraw his guilty plea on the basis of ineffective assistance of counsel by Tuddles. There is no evidence to rebut the strong presumption that Tuddles's performance during the plea-negotiation process was adequate and competent, or that his decisions resulted from sound professional judgment. *Vaughn*, 491 Mich at 670. It is clear that from the beginning of the plea hearing, defendant wanted to enter a guilty plea. The court asked defendant if he wanted the court to accept the plea agreement, and he responded, "Yes." Defendant also stated twice during the plea hearing that he was pleading guilty to all three charges.

Defendant did provide confusing responses to some of the court's questions in laying the factual basis. When the court asked if defendant had had a firearm, defendant said, "No . . . . Not on me." But then defendant clarified that he did not have a weapon upon entering the vehicle, but obtained one once he got inside. When the court asked defendant if he demanded property from the victims, defendant said, "No." At that point, Tuddles stepped in, apologized to the court, and questioned defendant. Defendant testified that he did demand the telephones and property of the victims in the car, and that he had the weapon on him when he did. There is no evidence in the record that Tuddles was telling defendant what to say ("plead guilty, plead guilty") as argued by defendant and asserted in his affidavit. Although defendant seemed to mistakenly answer some of the questions at the plea hearing, the court clarified the circumstances by asking defendant, "They thought they were selling you a gun and it went -- you took it further, is that fair?" and defendant responded, "Yes." Defendant's claims in his affidavit that contradict his testimony at the plea hearing that he was satisfied with Tuddles's representation are insufficient to support his claim of ineffective assistance of counsel. See *White*, 307 Mich App at 432. We discern no mistakes by Tuddles to demonstrate that his performance fell below an objective standard of reasonableness. *Douglas*, 496 Mich at 592.

Defendant alleges that Tuddles provided ineffective assistance of counsel because he did not investigate the charges and evidence against defendant before defendant entered the guilty plea. However, defendant did not and does not provide any evidence to support this claim. Rather, the record demonstrates that Tuddles was retained by defendant and his family after defendant was arraigned, and at the first "final conference," Tuddles informed the court that he needed time to consult with defendant about the plea agreement. Thus, the final conference was adjourned from September 4, 2015, to September 9, 2015. At the final conference held on September 9, 2015, defense counsel was informed that if defendant was going to enter a guilty plea, it had to take place the next day. Thus, defense counsel was given ample time from September 4, 2015, to September 10, 2015, the day of the plea hearing, to consider the plea agreement. Defendant failed to provide concrete evidence that Tuddles failed to investigate the charges and evidence, and there is nothing to demonstrate that Tuddles's performance fell below an objective standard of reasonableness in this regard. *Id*.

Because of our conclusion, we need not reach the second prong of the ineffective-assistance test. We note, however, that defendant has not offered any evidence to demonstrate that he would have received an even more favorable outcome had he received different advice from Tuddles.

## II. RESENTENCING

The trial court did not abuse its discretion when it declined to resentence defendant.

When this Court reviews a sentence for reasonableness, this Court determines whether the trial court abused its discretion by violating the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 459-460; ___ NW2d ___ (2017). To determine whether a sentence is "so unreasonable as to constitute an abuse of the trial court's discretion and warrant reversal on appeal," this Court uses the "principle-of-proportionality" test provided by *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471. This requires sentences that are imposed by the trial court to be " 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. at 474, quoting *Milbourn*, 435 Mich at 636.

Defendant pleaded guilty, and then he was sentenced to 8 to 20 years' imprisonment for carjacking and armed robbery, plus two years' imprisonment for felony-firearm, according to the plea agreement. However, his appellate counsel discovered that OV 3 was erroneously scored at 10 points, and should have been scored at 0, because none of the victims sustained injuries requiring medical treatment. The trial court agreed to amend OV 3 to 0 points. However, the trial court declined to resentence defendant:

> With regards to the challenge regarding the Offense Variable, I will in fact amend OV [3] to score that as zero. But as [the prosecution] correctly indicated, under [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015),] when there is a sentencing agreement, it is of no moment because the sentence agreement obviates the scoring of the sentencing guidelines for purposes of resolution of this particular case.

We agree with the trial court that *Lockridge* does not apply to defendant's sentences because defendant was sentenced pursuant to a plea agreement, rather than the sentencing guidelines, which are advisory only pursuant to *Lockridge*. *Lockridge*, 498 Mich at 391. Thus, defendant's arguments that *Lockridge* applies, and that he should be resentenced, are without merit.

Defendant asserts that he is entitled to resentencing for new, reasonable sentences, which must be proportionate to the offense and the defendant, pursuant to *Steanhouse*. Defendant entered into a plea agreement, with the knowledge of what sentences would be imposed. "Generally, a defendant who voluntarily and understandingly entered into a plea agreement that included a specific sentence waives appellate review of that sentence." *People v Billings*, 283 Mich App 538, 550; 770 NW2d 893 (2009), citing *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). The *Billings* Court noted that this Court, in an unpublished opinion, has

declined to apply this rule where the sentence was based on improperly-scored guidelines.[4] *Billings*, 283 Mich App at 551. However, in *Billings*, this Court ruled that the defendant was not entitled to resentencing because even after the Court corrected the defendant's scoring, the defendant still received a sentence that was below the guidelines range. *Billings*, 283 Mich App at 551.

Defendant is not entitled to resentencing because he waived appellate relief on the ground that his sentences were disproportionate, or "unreasonable," by pleading guilty pursuant to the plea agreement that included a sentence agreement. *Billings*, 283 Mich App at 550. Moreover, defendant is not entitled to resentencing because the sentences that he received pursuant to the plea agreement fell within the statutory guidelines range after the trial court changed the scoring of OV 3 from 10 points to 0 points. Defendant's original sentencing guidelines range was 108 to 180 months' imprisonment. MCL 777.62. The correction of OV 3 changed defendant's sentencing guidelines range to 81 to 135 months' imprisonment. MCL 777.62. Defendant's sentences of eight years' imprisonment for carjacking and armed robbery fell within the guidelines range after OV 3 was corrected. Defendant's sentence of two years' imprisonment for felony-firearm is immaterial because MCL 750.227b *requires* a two-year sentence. MCL 750.227b(1). Thus, the trial court did not abuse its discretion when it declined to resentence defendant.

Defendant argues that his lack of a prior criminal record was not considered by the trial court in determining the "reasonableness" of his sentences. There is no evidence in the record that the trial court failed to consider this fact. The presentence investigation report (PSIR) indicates that defendant is not an habitual offender. At sentencing, defense counsel stated that the PSIR needed no corrections or deletions. Thus, there is no evidence that defendant's sentences are unreasonable or disproportionate in light of his lack of a criminal history. Rather, defendant's sentences are proportionate to the offense and defendant's circumstances. *Steanhouse*, 500 Mich at 474.

Defendant alleges in his statement of the issue that he is entitled to new, reasonable sentences given "his questionable involvement in the incident in question." However, defendant makes no supported argument on this basis in reference to the issue of resentencing, except for baldly stating that "it is questionable whether there was actually enough of a factual basis to determine his involvement in the crimes." "Failure to brief an issue on appeal constitutes abandonment." *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009). Nonetheless, as discussed above, defendant laid a factual basis for his involvement in the crime when he pleaded guilty. Therefore, defendant's involvement in the crimes of this case is not "questionable," and this is not a basis to resentence defendant.[5]

---

[4] *People v Fix*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2007 (Docket No. 273448), p 1. Unpublished opinions are not binding under the rule of stare decisis. MCR 7.215(C)(1).

[5] There is no indication, contrary to defendant's suggestion, that the trial court considered improper or inaccurate facts in sentencing defendant; the trial court followed the plea agreement.

## III. RESTITUTION

The evidence indicates that the amount of restitution ordered in defendant's judgment of sentence is inaccurate; therefore, defendant is entitled to a remand for the trial court to determine the correct amount of restitution to which the victims are entitled.

To preserve a challenge to a trial court's order of restitution, a defendant must object to the restitution at sentencing. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). Defendant did not object to the restitution at sentencing. This Court reviews an unpreserved issue regarding a trial court's order of restitution for plain error affecting a defendant's substantial rights. *People v Gaines*, 306 Mich App 289, 322; 856 NW2d 222 (2014). To show plain error warranting relief, a defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). The third prong generally requires a showing of prejudice, meaning that the error affected the outcome of the lower court proceedings. *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). However:

> Even if [a] defendant could satisfy these requirements, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" independent of the defendant's innocence.' " [*Kowalski*, 489 Mich at 505-506 (citations omitted).]

Crime victims have a constitutional and statutory right to restitution. Const 1963, art 1, § 24; MCL 780.751 *et seq.*; *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). "The [Crime Victim's Rights Act (CVRA)] provides that if a felony . . . results in the loss of a victim's property, the trial court may order the defendant to pay the victim, as restitution, the value of the property that was lost." *Id*. at 708, citing MCL 780.766(3). Restitution covers losses that are "easily ascertained and are a direct result of a defendant's criminal conduct." *People v Orweller*, 197 Mich App 136, 140; 494 NW2d 753 (1992). The burden is on the prosecution to demonstrate the amount of the victim's loss by a preponderance of the evidence. *Gubachy*, 272 Mich App at 708, citing MCL 780.767(4). To determine the proper amount of restitution, the sentencing court "shall consider the amount of loss sustained by the victim, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *People v Avignone*, 198 Mich App 419, 422; 499 NW2d 376 (1993) (emphasis removed). If the sentencing court fails to apply the procedural requirements of the restitution statute, remand is appropriate. *Orweller*, 197 Mich App at 141. However, when there is no dispute regarding the restitution amount, the trial court is not required to make a separate factual finding on the record concerning restitution but may instead rely on the recommendation in the PSIR. *People v Grant*, 455 Mich 221, 233-234, 243; 565 NW2d 389 (1997).

As noted, defendant did not challenge the restitution amount at sentencing. The trial court read the following from a restitution form submitted by the prosecution:

Ms. Mathews, I also have from your colleague, Ms. [Hammoud], a restitution form that has been submitted [for] $600.00 for an [IPhone], restitution to Aaron [Leneair].

$605.00 for an [IPhone], $5.00 cash for restitution for [Inyang]. . . , and for John [Cooke], the third complainant. $300.00 for the car rental. Restitution at $600.00 for the cell phone. Total of $900.00. Total restitution is $2,105.00.[6]

The three victims testified that defendant took their telephones, Cooke and Inyang testified that defendant took their wallets, and all three testified that defendant drove Cooke's Jeep away. However, Cooke testified that defendant returned Cooke's telephone before defendant drove off in Cooke's Jeep. Therefore, the $600 attributed to Cooke's telephone out of the $2,105 total charged to defendant in restitution is inaccurate. In addition, Cooke testified that there was $300 in his wallet. This was not included in the total restitution amount, even though the $5 in Inyang's wallet was included. On the record before us, we find plain error. *Kowalski*, 489 Mich at 505. This evidence suggesting that the total amount contained in the restitution form is inaccurate demonstrates that defendant was prejudiced as a result of the trial court's findings and that this resulted in unfairness. Defendant was prejudiced because he had to pay more in restitution than was warranted. We therefore remand this matter for the trial court to determine the accurate amount of restitution that defendant owes.

Defendant's convictions and sentences are affirmed. This case is remanded to the trial court for further proceedings to determine the correct amount of restitution owed. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[6] It appears that the total from these amounts should be $2,110, not $2,105.