# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 18, 2018

Plaintiff-Appellee,

v

No. 335842
Kent Circuit Court
LC No. 15-002764-FH

JACQUES SHANTA WILLIAMS,

Defendant-Appellant.

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his judgment of sentence as to his conviction of possession with intent to deliver cocaine less than 50 grams, MCL 333.7401(2)(a)(*iv*). The trial court sentenced defendant to 30 months to 20 years' imprisonment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises out of events that occurred on or about March 12, 2015, in Grand Rapids, Michigan. Defendant was charged with possession with intent to deliver cocaine less than 50 grams, MCL 333.7401(2)(a)(*iv*); maintaining a drug house, MCL 333.7405(1)(d); driving while on a suspended license, MCL 257.904; and possession of marijuana, MCL 333.7403(2)(d). He was adjudicated as a fourth-offense habitual offender, MCL 769.12.

On November 2, 2015, the day of defendant's trial, defendant accepted a plea offer. Defendant pleaded guilty to possession with intent to deliver cocaine in exchange for the prosecutor dismissing the remainder of the charges against him. Further, as part of the plea, the prosecutor agreed that defendant's sentencing guidelines would be no more than 19 to 38 months and that the minimum sentence range would be capped at 30 months. The maximum penalty for possession would be 20 years, resulting in a sentence of 30 months to 20 years' imprisonment. The trial court then asked defendant if he understood the plea offer and proceeded to explain the

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered January 25, 2017 (Docket No. 335842).

sentencing guidelines. On the record, defendant stated that he understood the details of the plea. The trial court also went through the traditional colloquy with defendant to ensure that defendant's plea of guilty was voluntary and accurate.

On January 4, 2016, the trial court sentenced defendant to 30 months to 20 years' imprisonment to be served consecutively with his parole-violation sentence. Defendant subsequently requested appellate counsel on February 2, 2016, and later, acting *in propria persona*, filed a motion for the appointment of substitute counsel, claiming that defense counsel failed to file valid pleadings or discuss tactics for certain arguments. Numerous other motions were filed by defendant, all of which were denied by the trial court. On July 5, 2016, defendant's appellate counsel filed a motion to withdraw because there were no nonfrivolous arguments to be made in an application for leave to appeal, and the trial court granted the motion on August 12, 2016.

After the filing of additional motions for relief with the trial court, all of which were again denied by the trial court, defendant filed a delayed application for leave to appeal with this Court and this Court granted the delayed application for leave on January 25, 2017, "limited to the issues raised in the application and supporting brief."

## II. ANALYSIS

On appeal, defendant makes various arguments concerning his sentencing guidelines range and whether his trial counsel and appellate counsel were effective. However, because defendant entered into a plea agreement wherein he agreed to 30 months to 20 years' imprisonment, defendant has waived these issues for appellate review. *See People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005); *People v Blount*, 197 Mich App 174, 175; 494 NW2d 829 (1992). As our Supreme Court stated in *Wiley*: "…[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence. MCR 6.302. In that respect, this case is similar to *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), in which this Court stated that a defendant who pleads guilty with knowledge of the sentence will not be entitled to appellate relief on the basis that the sentence is disproportionate. See also *People v Carter*, 462 Mich 206, 215-216; 612 NW.2d 144 (2000)." *Id*. at 153-154. However, in order to provide defendant with an appellate review of his plea and sentence, we give consideration to the arguments presented to this Court on appeal.

Defendant first argues that his sentence was a departure from the minimum sentencing guidelines range and that he is entitled to resentencing. *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), mandates that this Court review departures from the sentencing guidelines for reasonableness. However, defendant's sentence is not a departure because his minimum sentencing guideline range was 19 to 38 months, and defendant was sentenced to a minimum of 30 months. Because defendant's sentence was within the sentencing guidelines range, we need not evaluate defendant's sentence for reasonableness. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

Defendant next argues that his sentencing guidelines range was miscalculated because of judicial fact-finding that elevated his total score. Defendant was sentenced post *Lockridge*. In

-2-

*Lockridge*, our Supreme Court held Michigan's mandatory sentencing guidelines unconstitutional because they allowed defendant's minimum sentences to be increased based on facts found by a judge rather than by a jury beyond a reasonable doubt, as the Sixth Amendment requires. *Lockridge*, 498 Mich at 387-389. Therefore, sentencing guidelines are now considered advisory, not mandatory, in determining a defendant's sentence. *Id*. at 391-392. Accordingly, post-*Lockridge*,

> When a defendant's sentence is calculated using a guidelines minimum sentence range in which OVs have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so. [*Id*.]

Thus, *Lockridge* did not require future courts to refrain from participating in fact-finding. *Lockridge* remedied this constitutional violation by making the guidelines advisory, not by eliminating judicial fact-finding. Accordingly, because defendant was sentenced after the *Lockridge* decision, he cannot establish plain error by simply demonstrating that judicial fact-finding occurred during sentencing. See *Lockridge*, 498 Mich at 397.

Defendant also argues that he is entitled to resentencing because the trial court used inaccurate information from the PSIR and the incorrect sentencing guidelines range when sentencing defendant. However, this argument is outside the scope of this Court's order granting leave to appeal, which limited this appeal to the issues raised in defendant's application and supporting brief. See MCR 7.205(E)(4). Therefore, in light of defendant's waiver and the improper presentation of this issue on appeal, we decline to comment on this issue further.

Finally, defendant argues that he received ineffective assistance of trial counsel and appellate counsel. Defendant argues that his trial counsel was ineffective for not raising objections to his sentencing in the proceedings below, and he argues that originally assigned appellate counsel was ineffective for not raising his claims on appeal. However, because counsel is not required to raise meritless issues, defendant has failed to demonstrate that he was denied effective representation by either trial or appellate counsel.[2] See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001); *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

[2] We note defendant raises additional issues such as suppression of his arrest, all of which were outside the scope of the order granting leave.