*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2019

Plaintiff-Appellee,

v

No. 340195
Ogemaw Circuit Court
LC No. 15-004517-FH

ROBERT CECIL BURR II,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

BOONSTRA, J. (*dissenting*).

I respectfully dissent. In my view, the trial court correctly denied defendant's motion to withdraw his plea because defendant received the benefit of his bargain and, like the defendant in *People v Wiley*, waived appellate review of his sentence. *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005).

At the plea hearing, the parties stipulated that defendant would be sentenced to a minimum sentence in the range of 78 to 130 months. He stated at sentencing that he did not have any challenges to the assessing of the guidelines, and he was sentenced within the agreed-upon guidelines range. I see nothing in the record to indicate that defendant agreed, explicitly or implicitly, to be sentenced "within an accurately scored guidelines range," as the majority holds. Rather, defendant agreed to be sentenced within a specified range, in return for certain considerations, including the dismissal of a third habitual offender notice and the dismissal of a charge in another case. Defendant received those considerations and was sentenced within the specified range to which he had agreed. See *People v Killebrew*, 416 Mich 189, 200; 330 NW2d 834 (1982). He therefore waived appellate review of his sentence. *Wiley*, 472 Mich at 154.[1]

---

[1] Defendant has therefore also waived his challenges to the scoring of offense variables and the accuracy of the information relied upon by the trial court, as well as his challenge to the proportionality of his sentence. *Wiley*, 472 Mich at 154.

Moreover, I find both *People v Smith*, 319 Mich App 1; 900 NW2d 108 (2017), (on which the majority relies) and *People v Price*, 477 Mich 1, 3-6; 723 NW2d 201 (2006), (on which *Smith* relied) to be distinguishable. Although in *Smith* there appears to have been an initial agreement regarding the applicable guidelines range, it was later determined that the range was inconsistent with the sentencing information report (SIR) on which defendant's sentence was based. That is, the prosecution, defense counsel, and the trial court all were operating based upon misinformation, the genesis of which was never explained.[2]

It was in that context that the *Smith* Court explicitly noted that the parties' had referred to the plea agreement as a "guidelines sentencing agreement" calling for a sentence "on the low end of the guidelines." It additionally noted that the prosecutor who appeared for the sentencing denied that there was any "stipulation to the low end of the guidelines" (agreeing only "that it is a guideline sentence agreement") but that defense counsel had responded that "there was an agreement that it would be the low end of the guidelines." See *Smith*, 319 Mich App at 4. The *Smith* Court concluded under those circumstances that "[i]n this case, defendant did not agree to a specific sentence."[3] That is not the case here; in this case, defendant agreed to a specific guidelines range (which was supported by the SIR) and was sentenced within it as agreed.

Moreover, *Smith* and *Price* (unlike this case) both involved *Cobbs*[4] agreements. A *Cobbs* agreement is one in which a defendant enters a plea agreement in reliance on statements from the sentencing court; that is, the court "may state on the record the length of the sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (2001). If the court, in the exercise of its sentencing discretion, later determines that it cannot abide by its initial determination in sentencing defendant, the court must then give the defendant an opportunity to withdraw his plea. *Id*. at 283.

---

[2] The prosecution and defense counsel in *Smith* initially agreed that the applicable guidelines range was 126 to 210 months' imprisonment. The trial court accordingly sentenced the defendant to a minimum prison term of 126 months. Subsequently, defendant moved for resentencing based on the fact that the SIR reflected a guidelines range of 81 to 135 months' imprisonment (and arguing that the trial court had failed to ask him before sentencing whether he was given an opportunity to review the presentence investigation report). The trial court denied defendant's motion for resentencing, indicating that the minimum sentence imposed (126 months) fell within the guidelines range (of 126 to 210 months) that it had calculated, but it failed to explain how it had calculated that apparently errant guidelines range. *Smith*, 319 Mich App at 4-5.

[3] Similarly in *Price*, there was no agreement to a specific sentence; rather, the trial court agreed to sentence defendant "within the appropriate statutory guidelines range" if he pleaded guilty. See *Price*, 477 Mich at 3.

[4] *People v Cobbs*, 443 Mich 276, 505 NW2d 208 (1993).

Here, there was no *Cobbs* agreement; nor did the trial court make any preliminary sentencing determinations that it later declined to follow. Rather, the trial court merely accepted the sentencing agreement of the parties and sentenced defendant according to that agreement. See *People v Killebrew*, 416 Mich 189, 205; 330 NW2d 834 (1982). I would hold that defendant received the benefit of his bargain, notwithstanding his later apparent dissatisfaction with it, and I would therefore affirm the trial court's denial of defendant's motion to withdraw his plea. See *Wiley*, 472 Mich at 154.[5]

For these reasons, I would affirm.

/s/ Mark T. Boonstra

---

[5] Additionally, I would hold that defendant's argument concerning the trial court's alleged failure to appoint appellate counsel is moot because defendant has been appointed appellate counsel and has appealed his resentencing. See *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004) ("An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy.") Moreover, to the extent that defendant argues that he was denied appointed counsel at his motion for resentencing, the record is clear that defendant chose to waive his right to counsel rather than adjourn the proceedings so that counsel could be appointed, and I would not grant defendant any relief on that basis. See MCR 6.005(D).