*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAKE DARNELL GRADY-WILKINS,

Defendant-Appellant.

UNPUBLISHED
April 28, 2025
11:45 AM

No. 369399
Kent Circuit Court
LC No. 20-007430-FH

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

Defendant Jake Darnell Grady-Wilkins appeals by leave granted his sentence of 120 to 300 months' imprisonment for carjacking, MCL 750.529a. After sentencing, defendant filed a motion to correct an invalid sentence. Defendant argues that the trial court erred when it denied his motion on the basis that defendant pleaded guilty pursuant to an agreement for a specific sentence, and thus waived his right to challenge his sentence. Defendant asserts that three offense variables were scored incorrectly and that defense counsel provided ineffective assistance by failing to object to the scoring. We reverse and remand for resentencing.

## I. FACTS

Defendant pleaded guilty to carjacking a couple parked behind a Family Dollar on April 3, 2020. The two victims testified that three men approached them while they were sitting in their car in the parking lot. Defendant pointed a gun at the victims through the car window and told them to get out. The victims exited the car and the men got in and drove away. The car was found the next morning. A forensic science unit technician processed the vehicle and found fingerprints matching defendant, Martin Ochoa, and Jeremiah Tolbert. Martin Ochoa testified at defendant's preliminary examination that he brought the gun and gave it to defendant during the course of the carjacking. However, Ochoa stated that the gun was actually fake. This was consistent with what Ochoa told the police during an interview. The police recovered a BB gun that was a replica of a Glock 19 while investigating defendant, Ochoa, and Tolbert for an armed robbery that occurred close in time to this carjacking.

-1-

Defendant pleaded guilty to one count of carjacking in exchange for the dismissal of a second count of carjacking, dismissal of the habitual offender enhancement, and an agreement that he would be sentenced within a guidelines range "no higher than" 81 to 135 months.[1] The trial court found the minimum sentencing guidelines range to be 108 to 180 months and ultimately sentenced defendant to serve 120 to 300 months' imprisonment (10 to 25 years). Defendant did not object to the guidelines at sentencing. After sentencing, defendant filed a motion to correct an invalid sentence pursuant to MCR 6.429, claiming that offense variables (OVs) 1, 2, and 9 were scored incorrectly, because they were based on the assumption defendant used a real gun while committing the crime. If scored correctly, defendant argues, the guidelines would be 51 to 85 months.

This Court granted defendant's application for leave to appeal. After both parties filed briefs, the prosecutor submitted a letter confirming the gun recovered in an armed robbery involving the same defendants was a C02 powered BB gun that was an exact replica of a Glock 19.

## II. WAIVER

Defendant first argues the trial court erred in holding that defendant waived his right to challenge his sentence. We agree.

Questions of law are reviewed de novo. *People v Swafford*, 483 Mich 1, 7; 762 NW2d 902 (2009). Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citation and quotation marks omitted). "One who waived his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (citation omitted). A defendant who voluntarily and understandingly enters into a plea agreement that includes a specific sentence waives appellate review of that sentence. *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005).

A court may correct an invalid sentence on a motion filed before the filing of a timely claim of appeal. MCR 6.429(A) and (B). Here, defendant filed a motion to correct an invalid sentence before he filed his application for leave to appeal. In its opinion and order, the trial court denied defendant's motion because it found defendant had waived the ability to challenge his sentence when he entered into a plea agreement for a specific sentence, one within 81-135 months. Because defendant's minimum sentence fell within that range, the trial court held it was precluded from resentencing defendant even if the guidelines were scored incorrectly, pursuant to *Wiley*, 472 Mich at 154.

However, it is clear that defendant did not plead guilty in exchange for a specific sentence. The record shows that, in exchange for pleading guilty to one count of carjacking, another count

---

[1] The plea agreement also included resolution of two other cases against defendant. In case no. 20-08422-FC, the agreement was to plead guilty to count two, armed robbery, in exchange for dismissal of the remaining charges and habitual offender enhancement. Pursuant to those pleas, the entirety of case no. 20-079490-FH was dismissed but restitution was imposed.

of carjacking was dismissed, and defendant agreed to be sentenced within a guidelines range *no higher* than 81 to 135 months. This is not a specific sentence, but a cap on what defendant's minimum guidelines range could be. In *People v Smith*, 319 Mich App 1, 7-8; 900 NW2d 108 (2017), this Court found that when a defendant agrees to a minimum sentence "at the low end" of the guidelines range, the defendant did not agree to a specific sentence and thus, did not waive review of his sentence. Therefore, the trial court erred in finding defendant waived review of his sentence. See *id*.

## III. SENTENCING GUIDELINES

Defendant next argues that the trial court erred in assessing fifteen points for OV 1, five points for OV 2, and ten points for OV 9, because the evidence established defendant used a fake gun during the commission of the crime.

## A. STANDARD OF REVIEW

Under the sentencing guidelines, the trial court's factual findings are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A trial court's factual determinations are clearly erroneous only if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

## B. ANALYSIS

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). If a defendant's minimum sentence falls within the appropriate guidelines range, he is not entitled to be resentenced unless there has been a scoring error or the trial court relied upon inaccurate information. *Id*. A sentence is invalid if it is based on inaccurate information. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). But if a scoring error does not alter the appropriate guidelines range, a defendant is not entitled to resentencing. *People v Abbott*, 330 Mich App 648, 658; 950 NW2d 478 (2019), citing *Francisco*, 474 Mich at 89 n 8.

At the time of defendant's sentencing, it was unclear whether the gun used in the carjacking was real or fake. The arresting officer's description of the crime noted that defendant "pointed a gun" at the victims. The victims testified at defendant's preliminary examination that they thought the gun was real. However, Ochoa told the police that the gun was a fake Glock 19 and testified to this at defendant's preliminary examination. To establish a factual basis for his plea to carjacking, defendant admitted at the plea hearing that he "possessed an article used or fashioned in a manner to lead a person present to reasonably believe that the article was a dangerous weapon." On appeal, the prosecution submitted a letter to this Court that included an email from the City of Wyoming Police Department that confirmed a "$CO_2$ powered BB gun was recovered (exact replica of a real Glock 19)" in connection with an armed robbery involving defendant, Ochoa, and Tolbert,

that occurred close in time to the carjacking. Defendant's argument relies on the assumption that the BB gun recovered in that armed robbery was the same one used in the carjacking.

Defendant argues that the trial court should have assessed five points for OV 1 instead of fifteen points because defendant used a BB gun and only implied that he had a real gun. OV 1 concerns aggravated use of a weapon and is outlined in MCL 777.31, which provides in relevant part:

> (1) Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (c) A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon ............................................................... 15 points
>
> * * *
>
> (d) The victim was touched by any other type of weapon ……….10 points
>
> (e) A weapon was displayed or implied ......................................... 5 points
>
> (f) No aggravated use of a weapon occurred ................................. 0 points
>
> (2) All of the following apply to scoring offense variable 1:
>
> (c) Score 5 points if an offender used an object to suggest the presence of a weapon.

"The word 'firearm', except as otherwise specifically defined in statute, includes any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive." MCL 8.3t. Here, the BB gun recovered by the police was powered by $CO_2$, not an explosive. If the BB gun recovered was in fact the weapon used during the carjacking, it does not fit under the definition of a "firearm." Therefore, the trial court may have erred in assessing fifteen points for OV 1.

MCL 777.32 outlines the proper scoring for OV 2, which addresses the lethal potential of a weapon used, and provides in pertinent part:

> (1) Offense variable 2 is lethal potential of the weapon possessed or used. Score offense variable 2 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *

(d) The offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon ................................................ 5 points

(e) The offender possessed or used any other potentially lethal weapon …… 1 point

(f) The offender possessed or used no weapon .......................... 0 points

\* \* \*

(3) As used in this section:

(c) "Pistol", "rifle", or "shotgun" includes a revolver, semi-automatic pistol, rifle, shotgun, combination rifle and shotgun, or other firearm manufactured in or after 1898 that fires fixed ammunition, but does not include a fully automatic weapon or short-barreled shotgun or short-barreled rifle.

The trial court assessed five points for OV 2, finding defendant possessed or used a pistol, rifle, shotgun, or knife during the crime. Again, if the BB gun recovered was, in fact, the weapon used during the carjacking, it does not fit under the definition of a "pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." The trial court erred in assessing five points for OV 2 if the weapon used during the crime was the recovered BB gun.

Defendant also contends the trial court erred in assessing ten points for OV 9. MCL 777.39 provides in relevant part:

(1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

\* \* \*

(c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss … 10 points

(d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss ............................................................................................... 0 points

Defendant held up two people at gunpoint and demanded they get out of their vehicle. While there is a question as to whether the gun was a BB gun, a BB gun is still capable of physically injuring a person. The two victims testified that defendant pointed a gun at them and demanded they get out of the car. The trial court did not err in finding two victims were placed in danger of physical injury and assessing 10 points for OV 9, even if the gun used was the recovered BB gun.

If five points are assessed for OV 1, and no points or one point is assessed for OV 2, that would change defendant's minimum guidelines range from 108-180 months to 81-135 months, which is the guidelines range defendant agreed to be sentenced "no higher than." Because the scoring errors would change defendant's minimum guidelines range, he is entitled to be resentenced. *Abbott*, 330 Mich App at 658.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues his counsel was ineffective for failing to object to the scoring of OV 1, OV 2, and OV 9. We disagree.

## A. STANDARD OF REVIEW

Generally, whether a defendant received ineffective assistance of counsel is a mixed question of fact and law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), lv den 495 Mich 875 (2013). However, if the trial court did not hold an evidentiary hearing on this issue, then there are no factual findings to which this Court must defer. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), vacated in part 493 Mich 864 (2012). In such cases, this Court will determine whether the defendant received ineffective assistance on the record alone. *Id*. This Court reviews de novo whether a particular act or omission fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant. *Id*. at 19-20.

## B. ANALYSIS

The Constitutions of the United States and the state of Michigan guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced, which means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

In its opinion and order denying defendant's motion for reconsideration, the trial court found that the evidence established it was "more likely than not" that the gun was real. At the time, the trial court's conclusion was supported by a preponderance of the evidence. "Trial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). Here, if trial counsel would have objected to the scoring, it would have been futile because the trial court did not possess the information about the BB gun. Counsel's objection would have been overruled because the trial court had found that the gun was real. Therefore, defendant has not established that his counsel's representation fell below an objective standard of reasonableness. See *Vaughn*, 491 Mich at 669-670. Accordingly, defendant has not shown that he received ineffective assistance of counsel.

## V. CONCLUSION

We find the trial court erred in finding defendant waived his ability to challenge the validity of his sentence. The trial court also erred in scoring OV 1 and OV 2, assuming that the recovered BB gun was the weapon used in this crime. We reverse and remand for resentencing.


/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman