**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED OCTOBER 31, 2006

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 128156

TORE LEADEONTRE PRICE,

Defendant-Appellant.

_____

MEMORANDUM OPINION

Pursuant to a *Cobbs* agreement,[1] the trial court agreed to sentence defendant within the appropriate statutory sentencing guidelines range if he pleaded guilty of bank robbery, MCL 750.531. After he did so plead, the trial court sentenced defendant to five to 15 years of imprisonment, which was within the guidelines range as scored by the trial court. Defendant filed a motion for

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). We reject the prosecutor's argument that defendant waived any objection to the scoring of the guidelines. *People v Wiley*, 472 Mich 153; 693 NW2d 800 (2005). The court and defendant did not reach an agreement for a specific sentence. Rather, the prosecutor concedes that defendant generally agreed to a sentence within the guidelines range however the trial court ultimately calculated it.

resentencing, arguing that prior record variable (PRV) 1 and offense variable (OV) 13 should have been given a score of zero points and that the correct guidelines range was five to 21 months. The trial court denied defendant's motion, and the Court of Appeals denied defendant's delayed application for leave to appeal. Unpublished order of the Court of Appeals, entered January 11, 2005 (Docket No. 258410). This Court held defendant's application for leave to appeal in abeyance for *People v McKay* (Docket No. 126930). 703 NW2d 806 (2005). Subsequently, we denied the application for leave to appeal in *McKay,* 474 Mich 967 (2005), and directed the prosecutor to respond to the instant application. 713 NW2d 771 (2006). We now remand to the trial court for resentencing.

Defendant argues that PRV 1 was misscored. We agree. Defendant was assessed 50 points for PRV 1 on the basis that he had two "prior high severity felony convictions." MCL 777.51(2) defines a "'prior high severity felony conviction'" as "a conviction for a crime listed in offense class M2, A, B, C, or D or for a felony under a law of the United States *or another state* corresponding to a crime listed in offense class M2, A, B, C, or D, if the conviction was entered before the sentencing offense was committed." (Emphasis added.) Both of defendant's prior felony convictions were Canadian convictions.

The common understanding of "state" in Michigan law is a state of the United States, not a province of Canada and not a foreign state. Obviously, Michigan is one of the states that comprise the United States. Thus, the most obvious meaning of "another state" in this context is one of the states, other than

2

Michigan, that comprise the United States. A Canadian conviction is not "a felony under a law of the United States or another state," and the trial court erred in scoring PRV 1 at 50 points.[2]

With PRV 1 scored at 50 points and OV 13 scored at 25 points, the guidelines range was 43 to 107 months. The trial court sentenced defendant to 60 months to 15 years. If PRV 1 and OV 13 are scored at zero points, as they should be, the guidelines range is five to 21 months. Therefore, defendant's sentence is not within the guidelines range.

However, although foreign convictions cannot be considered under PRV 1, they can, under appropriate circumstances, give rise to a substantial and compelling reason to justify a departure from the guidelines range consistent with the standards articulated in *People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003).[3]

---

[2] Defendant also argues that OV 13 was misscored. Again, we agree. Defendant was assessed 25 points for OV 13 on the basis that the instant offense was part of a pattern of criminal activity involving three or more crimes against a person. MCL 777.43(2)(a) provides, "For determining the appropriate points under [OV 13], all crimes within a five-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." In *People v Francisco,* 474 Mich 82, 86; 711 NW2d 44 (2006), we held that "only those crimes committed during a five-year period that encompasses the sentencing offense can be considered." In this case, the two prior offenses occurred on September 16, 1997, and the sentencing offense occurred on September 24, 2002. Because the two prior offenses did not occur within five years of the sentencing offense, they cannot be considered under OV 13.

[3] Likewise, although prior offenses that did not occur within five years of the sentencing offense cannot be considered under OV 13, that does not mean that

(continued…)

For these reasons, we remand to the trial court for resentencing. On remand, PRV 1 and OV 13 shall be scored at zero and the court shall sentence defendant within the appropriate sentencing guidelines range or else articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range in accordance with *Babcock*. However, if the trial court does decide to depart from the guidelines range, defendant must be afforded the opportunity to withdraw his plea because he agreed to plead guilty in reliance on the court's agreement to sentence him within the guidelines range. *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). In all other respects, leave to appeal is denied.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

---

(…continued)
they cannot give rise to a substantial and compelling reason to justify a departure from the guidelines range consistent with *Babcock*.

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                      No.  128156

TORE LEADEONTRE PRICE,

      Defendant-Appellant.

_____

CAVANAGH, J. (*concurring*).

     I concur with the memorandum opinion.  I write separately only to note that, as the prosecutor has also recognized, I believe the only appropriate circumstance in which a conviction from a foreign nation can be considered a substantial and compelling reason to depart from the sentencing guidelines range is when a defendant has been afforded due process by the foreign nation.

                                            Michael F. Cavanagh

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                       No. 128156

TORE LEADEONTRE PRICE,

    Defendant-Appellant.

_____

CORRIGAN, J. (*concurring*).

I concur fully in the analysis and holding set forth in the memorandum opinion. I write separately to emphasize that foreign convictions can give rise to a substantial and compelling reason to depart from the sentencing guidelines range only *"under appropriate circumstances." Ante* at 3 (emphasis added). It is reasonable to conclude that such "appropriate circumstances" would not exist where a defendant was convicted in a foreign nation that does not afford due process rights, and that a conviction from such a nation should not be considered.

Here, however, it is undisputed that Canada does afford due process rights. Accordingly, the sentencing court on remand may consider whether defendant's Canadian convictions give rise to a substantial and compelling reason to depart from the guidelines range.

                                       Maura D. Corrigan