# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

BRANDON ALLEN SMITH,

    Defendant-Appellant.

FOR PUBLICATION
February 21, 2017
9:00 a.m.

No. 330075
Wayne Circuit Court
LC No. 14-008297-01-FC

Before: JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea conviction of armed robbery, MCL 750.529. Defendant was sentenced to 126 to 240 months' imprisonment. We remand for resentencing in accordance with this opinion.

This case arises from defendant's decision to plead guilty to armed robbery pursuant to a *Cobbs*[2] agreement. Defendant was charged with armed robbery. On December 8, 2014, defendant appeared in the trial court and informed the court that he wished to plead guilty to the charged offense. The prosecutor indicated that the parties agreed that the sentencing guidelines range was 126 to 220[3] months' imprisonment, and that the prosecution would agree to a sentence within that range and would dismiss the third habitual offender sentence enhancement. Defense counsel indicated that the parties agreed to a guidelines range of 126 to 210 months' imprisonment and indicated that the prosecution did not object to a sentence at the "bottom" of the guidelines range. Defendant was sworn to tell the truth and was questioned concerning his understanding of the plea and sentence agreement. The following colloquy then occurred:

---

[1] See *People v Smith*, unpublished order of the Court of Appeals, issued December 11, 2015 (Docket No. 330075).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[3] We note that the evidence in the record establishes that the parties agreed to a guidelines range of 126 to 210 months' imprisonment, rather than a range of 126 to 220 months' imprisonment. We therefore conclude that the statement was either a misstatement or a typographical error in the transcript.

-1-

*The Court*:  Um, now there's a sentence agreement that the prosecutor will move to withdraw the habitual third.  In which the penalty is twice the maximum sentence.

And your sentence will be within the guidelines of 126 to 210 months and she does not have any objection towards you on being sentenced at the low end of the guidelines; is that your understanding[?]

[*Defendant*]:  Yes.

*The Court*:  And you are doing this freely and voluntarily?

[*Defendant*]:  Yes.

Defendant was advised of his rights and described the factual basis supporting his plea.

On December 23, 2014, defendant appeared for sentencing.  The following conversation occurred:

[*Defense Counsel*]:  We'd indicate for the record, your Honor, that there was a plea agreement in this matter.  That we did reach an agreement whereby the Prosecution allowed my client to plead guilty under the guidelines.  And the guidelines are 126 to 201.[4]

We don't object to those guidelines.  We do have an agreement that the Court would sentence the defendant at the low end of the guidelines.  We're asking the Court to give him the minimum, the 126, as oppose[d] to anything in between.

\* \* \*

[*The Prosecutor*]:  Your Honor, I'm not aware of any stipulation to the low end of the guidelines.  I just have that it is a guideline sentence agreement.

\* \* \*

[*Defense Counsel*]:  Your Honor, we would indicate; as an officer of the Court, I do realize the prosecutor [who handled the plea] is not here.  But as an officer of the court, there was an agreement that it would be the low end of the guidelines.

---

[4] We note that the evidence in the record establishes that the parties agreed to a guidelines range of 126 to 210 months' imprisonment, rather than a range of 126 to 201 months' imprisonment. Defense counsel's statement in the transcript from the sentencing hearing was likely either a misstatement or a typographical error.

*The Court*:  All right.  The Court believed at the time, that the low end of the guidelines would be reasonable.  The Court did consider the defendant did admit his guilt.

And at this stage in life, considering that he's already been convicted of armed robbery in the past it seem[s] like the bottom of the guidelines would be enough time to rehabilitate this young man.  But maybe it's not.  Maybe it's not.

The court then sentenced defendant to 126 to 240 months' imprisonment.

On June 17, 2015, after obtaining appellate counsel, defendant filed a motion for resentencing in the trial court.  Defendant argued that, although neither party raised the issue at sentencing, the sentencing guidelines were incorrectly calculated.  Defendant contended that the guidelines range was 81 to 135 months' imprisonment.  Further, defendant argued that the trial court failed to ask him whether he had the opportunity to review the contents of the presentence investigation report (PSIR) before sentencing him.  Defendant's sentencing information report (SIR) reflected that the guidelines range was 81 to 135 months' imprisonment.  On October 16, 2015, the trial court issued an opinion and order denying the motion.  The court indicated that it "calculate[d] defendant's guidelines to be between 126-210 months for his minimum sentence," but the court did not explain how it determined the guidelines range.  The court further explained, "Even if defendant's assertion is correct, and his guidelines range should have been 81 months to 135 months, his argument is still not valid for re-sentencing, as his actual sentence of 126 months falls within [the] guidelines range [and] is presumed to be a valid sentence."

Defendant argues that the trial court erred when it sentenced him to a minimum sentence based on an improperly calculated guidelines range.  We agree.

The issue whether the trial court followed the proper procedures for entry of a plea agreement constitutes a question of law that we review de novo.  See *People v Barrera*, 451 Mich 261, 269 n 7; 547 NW2d 280 (1996).  We also review de novo the issue whether a defendant was denied his right to due process.  *People v Henry (After Remand)*, 305 Mich App 127, 156; 854 NW2d 114 (2014).  The question in this case is whether a defendant who pleads guilty under a *Cobbs* agreement and agrees to a sentence at the low end of the guidelines range is entitled to a sentence at the low end of the *properly scored* guidelines range.  We conclude that, although the prosecution and defense counsel agreed to an incorrect, higher guidelines range, defendant is nevertheless entitled to resentencing at the low end of the properly calculated sentencing guidelines range.

A guilty plea is a waiver of several constitutional rights, including the right to a trial by jury, the right to confront one's accusers, and the right against compulsory self-incrimination.  *People v Cole*, 491 Mich 325, 332; 817 NW2d 497 (2012).  "For a plea to constitute an effective waiver of these rights, the Due Process Clause of the Fourteenth Amendment requires that the plea be voluntary and knowing."  *Id*. at 332-333.  In other words, " '[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences' " of the plea.  *Id*. at 333 (citation omitted; alteration in original).

-3-

We find several cases of our Supreme Court relevant in determining the issue presented in this case. In *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), the Michigan Supreme Court explained that when a defendant pleads guilty with knowledge of the sentence that the court would impose, the defendant's plea demonstrates that he agrees that the sentence is proportionate to the offense and the offender. In *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005), our Supreme Court expanded upon this rule and indicated that a defendant may enter into a valid plea agreement for a sentence exceeding the sentencing guidelines range. The Court also explained, "[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *Id*. Nevertheless, the court explained that a trial court must complete the SIR and determine the appropriate sentencing guidelines range "so that it is clear that the agreed-upon sentence constitutes a departure." *Id*. at 154 n 1.

In *People v Price*, 477 Mich 1, 3; 723 NW2d 201 (2006), the defendant pleaded guilty to a charge of bank robbery, MCL 750.531, pursuant to a *Cobbs* agreement that provided for a sentence within the appropriate sentencing guidelines range. The trial court then sentenced the defendant to 5 to 15 years' imprisonment, which was within the sentencing guidelines range as calculated by the court. *Id*. at 3-4. The defendant subsequently moved for resentencing, claiming that the guidelines were incorrectly calculated and that the correct sentencing guidelines range was 5 to 21 months' imprisonment. *Id*. at 4. Our Supreme Court concluded that the trial court incorrectly scored prior record variable (PRV) 1 and offense variable (OV) 13, and that the guidelines range should have been 5 to 21 months' imprisonment. *Id*. at 4-5. Therefore, the defendant's sentence was not within the appropriate guidelines range. *Id*. at 5. Accordingly, the Court remanded the case to the trial court for resentencing. *Id*. at 5-6. The Court differentiated the case from *Wiley* and determined that the defendant did not waive his objection to the scoring of the guidelines because "the court and defendant did not reach an agreement for a specific sentence." *Id*. at 3 n 1. Instead, the Court explained that the "defendant generally agreed to a sentence within the guidelines range however the trial court ultimately calculated it." *Id*.

We conclude that the situation in this case is more in line with the situation in *Price* than the situation in *Wiley*. In *Wiley*, the defendant agreed to a specific sentence. *Wiley*, 472 Mich at 154. In this case, defendant did not agree to a specific sentence, but, instead, agreed to a minimum sentence at the low end of the guidelines range. Therefore, we conclude that *Wiley* is distinguishable from the instant case. In contrast, in *Price*, the *Cobbs* agreement was for a sentence "within the appropriate statutory sentencing guidelines range." *Price*, 477 Mich at 3. Similarly, in this case, defendant agreed to a minimum sentence at the low end of the guidelines range. Indeed, the parties referred to the agreement as a guidelines sentencing agreement throughout the proceedings. Implicit in the plea agreement was the understanding that defendant would be sentenced at the low end of an accurate guidelines range. Accordingly, we conclude that the *Cobbs* agreement was for a sentence within the proper guidelines range.

Similar to the situation in *Price*, the guidelines range under which the court sentenced defendant was significantly higher than the appropriate sentencing guidelines range. We acknowledge that the prosecutor and defense counsel agreed to a guidelines range of 126 to 210 months' imprisonment, and the court imposed a sentence at the bottom of that range. However, the guidelines range as reflected in the SIR was 81 to 135 months' imprisonment, which was far below the range calculated by the parties. When presented with the fact that the range was

-4-

miscalculated, the trial court upheld its sentence, indicating, without explanation, that the proper range was 126 to 210 months' imprisonment, and reasoning that the minimum sentence was still within the recalculated sentencing guidelines range. The court did not explain the discrepancy between the guidelines range as calculated in the SIR and the guidelines range as calculated by the court, or otherwise explain why the range of 126 to 210 months' imprisonment was the accurate range. Therefore, the minimum sentence of 126 months was not "at the low end" of the appropriate sentencing range as indicated in the SIR. Consequently, the court did not adhere to the bargain to sentence defendant to the low end of the guidelines range. We conclude that due process requires that the trial court sentence defendant to the low end of the appropriate guidelines range. The record establishes that defendant entered his plea with the understanding that he would receive a sentence at the low end of the correct guidelines range. To sentence defendant within a higher guidelines range would deny defendant his right to due process because a defendant must enter a guilty plea with sufficient awareness of the relevant circumstances and likely consequences of the plea. See *Cole*, 491 Mich at 333.

We remand this case to the trial court for resentencing. The trial court shall resentence defendant at the low end of the correctly calculated sentencing guidelines range. If the court determines that it cannot sentence defendant to the low end of the properly scored guidelines range, it must provide defendant the opportunity to withdraw his guilty plea. See *Cobbs*, 443 Mich at 283.

Remanded for resentencing. We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola