On January 23, 2019, the Court heard oral argument on the application for leave to appeal the September 26, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
Markman, J. (dissenting).
I respectfully dissent from this Court's order denying leave to appeal. Because I do not believe the trial court abused its discretion in sentencing defendant, I would reverse the judgment of the Court of Appeals and reinstate the sentence imposed by the trial court for second-degree murder.
Following a jury trial, defendant was acquitted of first-degree murder and convicted of second-degree murder. The trial court sentenced defendant to imprisonment for 35 to 70 years, which was a 15-year departure from the guidelines minimum sentence range. In a published and split decision, the Court of Appeals held that defendant's sentence was not proportionate and therefore vacated her sentence and remanded for resentencing. People v. Dixon-Bey , 321 Mich. App. 490, 909 N.W.2d 458 (2017).
The Court of Appeals held that "most, if not all, of the factors discussed by the trial court to support its departure sentence were contemplated by at least one offense variable (OV) ... [and] [t]he trial court offered no rationale as to why that scoring was insufficient." Id. at 526-527, 909 N.W.2d 458. However, the Court of Appeals misapprehended why the trial court relied on those factors. The Court of Appeals held that the trial court erred by taking into account that defendant stabbed the victim twice in the chest, failed to disclose the location of the murder weapon, and murdered the victim in cold blood:
The trial court emphasized that defendant had stabbed the victim twice in the chest. However, defendant's aggravated use of a lethal weapon is contemplated in the scoring of OV 1 (aggravated use of weapon), MCL 777.31, and OV 2 (lethal potential of weapon possessed or used), MCL 777.32. The trial court offered no rationale as to why that scoring was insufficient to reflect the nature of the stabbing.... Further, the trial court's reliance on the fact that defendant apparently failed to disclose the location of the murder weapon would ordinarily trigger the application of OV 19 (interfering with the administration of justice), MCL 777.49, not an upward departure. The trial court also referred to the "cold-blooded" nature of the crime; yet we find it interesting that the trial court and parties apparently agreed that OV 7 (aggravated physical abuse), MCL 777.37, under which points may be assessed for excessive brutality, should not be scored given the facts and circumstances of this case. [Id. ]
However, the Court of Appeals failed to recognize that the trial court relied on these facts not because it believed the guidelines accorded them inadequate weight, but because it believed they indicated *303 that defendant had actually committed first-degree premeditated murder, something that was not fully taken into consideration by the guidelines.[1] That is, the trial court did not rely on the fact that defendant stabbed the victim in the chest twice simply because it was evidence of an "aggravated use of [a] weapon" or because it was evidence that defendant used a weapon that had a "lethal potential." Similarly, it did not rely on the fact that defendant failed to disclose the location of the murder weapon simply because it was evidence that defendant "interfered with the administration of justice." Nor did it rely on the cold-blooded nature of the crime simply because it was evidence of "aggravated physical abuse." Rather, the court relied on each of these facts, as well as others, as evidence that defendant had committed first-degree premeditated murder, and this was altogether proper on its part.[2]
While the Court of Appeals acknowledged in passing that the trial court might have relied on the cold-blooded nature of the crime for this reason, see id. at 527, 909 N.W.2d 458 ("The trial court's reference to the 'cold-blooded' nature of the crime may have been based on its belief that the killing was premeditated, which it also emphasized was part of the basis for its sentence."), it failed to appreciate that the court might also have relied on the other factors for the same reason. The Court of Appeals then added that it was "highly skeptical of a trial court's decision to sentence a defendant convicted of second-degree murder as though the murder was premeditated." Id. at 528, 909 N.W.2d 458.[3] In so asserting, it relied on the fact *304 that OV 6, which pertains to the offender's intent to kill, must be scored "consistent with a jury verdict unless the judge has information that was not presented to the jury." MCL 777.36(2)(a). The judge here did not possess information that was not presented to the jury regarding defendant's intent to kill and thus, according to the Court of Appeals, he was prohibited from considering that the killing was premeditated. I disagree.
This Court has consistently held that facts that cannot be considered in scoring the offense variables may nevertheless be considered as reasons to justify a departure from the guidelines. See, for example, People v. Price , 477 Mich. 1, 5 n. 3, 723 N.W.2d 201 (2006) ("[A]lthough prior offenses that did not occur within five years of the sentencing offense cannot be considered under OV 13, that does not mean that they cannot give rise to a substantial and compelling reason to justify a departure from the guidelines range consistent with [ People v. Babcock , 469 Mich. 247, 666 N.W.2d 231 (2003) ]."); People v. McGraw , 484 Mich. 120, 129, 771 N.W.2d 655 (2009) (While transactional conduct generally cannot be scored when scoring the offense variables, "[n]othing precludes the sentencing court from considering transactional conduct when deciding ... whether to depart from the guidelines recommendation."); People v. Bonilla-Machado , 489 Mich. 412, 439 n. 1, 803 N.W.2d 217 ( MARKMAN , J., joined by CAVANAGH and MARILYN KELLY , JJ., concurring) ("I do agree with the partial dissent that a 'pattern of felonious criminal activity' that cannot be scored under OV 13 or any other offense variable may well constitute a 'substantial and compelling' reason to justify an upward departure from the recommended minimum sentence range under the sentencing guidelines."); id. at 448 n. 20, 803 N.W.2d 217 ( YOUNG , C.J., joined by ZAHRA , J., concurring in part and dissenting in part) ("I note, however, that if, as the majority opinion now requires, defendant's 'continuing pattern of criminal behavior' could not be scored under OV 13, it would provide a substantial and compelling reason for an upward sentencing departure because it is both 'objective and verifiable' and not already considered in determining the guidelines recommended minimum sentence range.").[4] In accordance with this caselaw,[5] although the trial judge could not score OV 6 on the basis of his finding of premeditation, he could consider it as a reason to justify a departure.
Furthermore, the trial court did not clearly err in finding by a preponderance of the evidence that defendant here committed first-degree premeditated murder. See People v. Gloster , 499 Mich. 199, 204, 880 N.W.2d 776 (2016) ("A trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence."). In support of its finding, the trial court relied on the following facts: defendant stabbed the victim in the heart twice; defendant had stabbed the victim in the past; she once told somebody that all she needed to do was stab the victim in the chest and then claim self-defense, which indeed is what she did in this case; and the murder weapon was never found. Taken as a whole, these facts are more than sufficient under a "preponderance of the evidence" standard to support a finding that defendant had committed first-degree premeditated *305 murder. And given this finding, and for the reasons explained below, it was not an abuse of discretion to sentence defendant to a minimum of 35 years' imprisonment where the guidelines recommended a minimum sentence range of 12 to 20 years. See People v. Steanhouse , 500 Mich. 453, 471, 902 N.W.2d 327 (2017) ("[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion."). If the defendant had been convicted of first-degree murder, she would have been sentenced to life without parole. Moreover, as the Court of Appeals dissent explained:
[I]f 30 or more additional OV points had been assessed, such as by scoring OV 6 at 50 points rather than 25 and scoring OV 19 at 10 points rather than zero,[6 ] defendant would have been subject to the highest OV level under the guidelines. See MCL 777.61. An offender with no prior record who is scored at the highest OV level for second-degree murder may be given, under the recommended guidelines, a minimum prison sentence of 162 to 270 months or life. Id. Consequently, had certain OVs been scored differently, as I believe the record justified in this case, the trial court could have sentenced defendant to a minimum term of life in prison without even departing from the guidelines. [ Dixon-Bey , 321 Mich. App. at 541, 909 N.W.2d 458 ( BOONSTRA , J., concurring in part and dissenting in part).]
For these reasons, the trial court's imposition of a 35-year minimum sentence does not fall outside the range of principled outcomes. See People v. Smith , 482 Mich. 292, 300, 754 N.W.2d 284 (2008) ("A trial court abuses its discretion if the minimum sentence imposed falls outside the range of principled outcomes.").[7] Accordingly, I would reverse the Court of Appeals and reinstate the sentence imposed by the trial court.
Zahra, J., joins the statement of Markman, J.

While the trial court did not specifically state that it found that defendant had committed first-degree premeditated murder, everybody seems to agree that this was what the trial court was getting at when it said that "[a]n intent can be determined by what you did, what you said, both before, during and after the crime"; "frankly, you plunged that knife into Mr. Stack's heart twice and you brutally murdered him in cold blood"; and "I did consider the sentencing guidelines which were 12 years to 20 years but I considered that the additional level of depraved heart and murder and the cold calculated nature of you brutally stabbing him twice in the heart and letting him bleed to death and die in this [manner]."

That is, on the basis of these facts, as well as on others, the trial court rejected defendant's self-defense theory and instead concluded that she killed the victim with premeditation and deliberation. That she stabbed the victim in the heart twice, disposed of the weapon, and killed the victim in "cold blood" are all relevant in supporting the trial court's finding.

Contrary to what the Court of Appeals asserted, the trial court did not sentence defendant as if she had been convicted of first-degree premeditated murder. Rather, it sentenced defendant for the exact crime of which she was convicted (second-degree murder), taking into consideration her premeditated intent. Indeed, if the trial court had sentenced defendant as if she had been convicted of first-degree premeditated murder, it would have been required to sentence defendant to life without parole, instead of 35 to 70 years' imprisonment. See United States v. Watts , 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction."); United States v. White , 551 F.3d 381, 385 (C.A. 6, 2008) ("White thus is not being 'sentenced for acquitted conduct' when White's sentencing judge takes that conduct into account in determining a sentence for the crime of which ... White was convicted, as long as the sentence imposed falls within the range prescribed by law for that convicted conduct."). And, for the reasons explained by the dissent in People v. Beck , --- Mich. ----, --- N.W.2d ----, 2019 WL 3422585 (2019) (Docket No. 152934 ), there was nothing inappropriate about the trial court's taking defendant's premeditated intent into consideration at sentencing even though defendant was acquitted of first-degree premeditated murder.

The majority opinion in Bonilla-Machado did not dispute these statements, but was simply silent in this regard.

Furthermore, MCL 769.34(3)(a) and (b) prohibit the trial court from considering certain matters as reasons to depart from the guidelines, and an offender's intent to kill is not one of those matters.

As discussed above, OV 6 (offender's intent to kill) could have been scored at 50 points on the basis of defendant's premeditated intent to kill if it did not have to be scored consistently with the jury verdict, but this does not prevent the trial court from considering defendant's intent as a reason to depart from the guidelines. In addition, OV 19 (interference with the administration of justice) could have been scored at 10 points given the fact that defendant lied to the police about who stabbed the victim and where he was when he was stabbed. More specifically, defendant initially told the police that the victim had been stabbed by somebody on his walk home, but she later admitted that she had stabbed the victim at their home. Defendant also arguably interfered with the administration of justice by disposing of the murder weapon.

Although the sentence imposed constituted a substantial upward departure from the guidelines, the reasons provided, i.e., those in support of the proposition that defendant actually committed first-degree premeditated murder, were equally substantial.