*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES ANTHONY DOUGLAS,

Defendant-Appellant.

UNPUBLISHED
November 12, 2019

No. 346377
Wayne Circuit Court
LC No. 14-005015-01-FC

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(b) (force or coercion), assault and battery, MCL 750.81, first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(d) (accomplice), and unarmed robbery, MCL 750.530. Relevant to this appeal, at defendant's initial sentencing hearing, the trial court sentenced defendant to 40 to 90 years' imprisonment for the CSC I conviction. Defendant appealed and this Court affirmed his convictions but remanded for a *Crosby*[1] hearing. *People v Douglas*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2016 (Docket No. 326666) (*Douglas I*). On remand, the trial court denied defendant's motion for resentencing. Defendant appeals as of right the trial court's denial of this motion. We now remand for resentencing or for further articulation by the trial court of its reasons for departing from the sentencing guidelines pursuant to *People* v *Steanhouse*, ___ Mich ___ (2019) (Docket No. 156900) (*Steanhouse III*).

## I. BACKGROUND

Defendant's convictions arose out of his organization of and participation in the gang rape "of a 16-year-old female victim inside a van in an isolated Detroit neighborhood . . . ."

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005) cert den 549 US 915, 127 S Ct 260, 166 L Ed 2d 202 (2006).

*Douglas I*, unpub op at 2. Defendant's total offense variable (OV) score of 120 points placed him in OV Level IV and his total prior record variable (PRV) score of 45 points placed him in PRV Level D. Defendant's minimum sentencing guidelines range for his highest level offense was 171 to 285 months' imprisonment. The court departed from that guidelines range at the original sentencing, imposing a sentence of 40 to 90 years. *Id*. at 5. Defendant's minimum sentence of 480 months was 195 months over the top of the guidelines range.

In this initial appeal, this Court affirmed defendant's convictions, but remanded for a *Crosby* hearing, in accordance with this Court's opinion in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse I*), aff'd in part and rev'd in part 500 Mich 453 (2017). *Douglas I*, unpub op at 5-6. Before the trial court could hold a *Crosby* hearing, our Supreme Court released its decision in *People v Steanhouse*, 500 Mich 453, 475-476; 902 NW2d 327 (2017) (*Steanhouse II*), ruling that appellate courts must review upwardly departing sentences for reasonableness under the principle of proportionality, rather than remand to the trial court for *Crosby* hearings. Because defendant's case had already been remanded to the trial court, defendant moved for resentencing, asserting that his sentence was unreasonable because it is disproportionate. The trial court denied defendant's motion and he again appeals to this Court.

## II. ANALYSIS

We review departure sentences for reasonableness, *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), and review a lower court's determination that a particular sentence is reasonable for an abuse of discretion. *Steanhouse II*, 500 Mich at 471. In determining whether a trial court abused its discretion by unreasonably departing from the sentencing guidelines, we consider whether the court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse II*, 500 Mich at 476-477. In this regard, we must consider whether the trial court acted within its discretion by imposing a sentence that is proportionate to the seriousness of the particular offense and the character of the particular offender. *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017), lv den 931 NW2d 302 (2019). Trial courts may depart "when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich at 657.

The statutory guidelines are "a useful tool" in selecting a proportionate sentence as they "embody the principle of proportionality." *Dixon-Bey*, 321 Mich App at 524. But a departure sentence may be "more proportionate" based on certain factors, such as "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines, but given inadequate weight." *Id*. at 525 (citations omitted). Factors not otherwise considered by the guidelines might include "the defendant's misconduct while in custody, the defendant's expression of remorse, and the defendant's potential for rehabilitation." *Steanhouse I*, 313 Mich App at 46 (citations omitted). Based on these various factors, the court must support not only its decision to depart, but also *the extent of the departure*. *Milbourn*, 435 Mich at 660. The "trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been . . . ." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted). Ultimately, the court must articulate on the record why it is departing from the

sentencing guidelines and why the particular sentence imposed is more proportionate than the guidelines recommended sentence.

The trial court in this case explained on the record at the original sentencing why the guidelines recommended minimum sentence was inadequate. The court discussed the scores assigned for various OVs and PRVs and explained why certain scores did not sufficiently reflect the severity and egregiousness of defendant's conduct. The trial court further described that defendant's conduct was especially predatory in that he gained the trust of a vulnerable victim and then lured her into an extremely dangerous situation where she was raped by multiple men. The court emphasized that the prosecution presented other-acts evidence at trial establishing that defendant had engaged in similar horrific behavior in the past. The maximum scores allowed under the variables simply were not sufficient to cover this type of conduct, the court sagely determined.

At resentencing, the court paraphrased its earlier analysis. The court added that the OVs did not adequately consider the psychological trauma the victim had experienced as a result of this particularly heinous sexual assault, trauma that was likely exacerbated by defendant chasing the victim after she had escaped. The court emphasized the fear these assaults engendered not only in the victim but in the community at large. These factors led the judge to conclude defendant's conduct was "as brutal and vicious and frightening . . . as I've seen in decades."

However, the trial court did not explain on the record why the selected 40-year minimum sentence was more proportionate to the offense and offender than the recommended 285-month minimum sentence. The court did not explain why "such a substantial departure is warranted on the basis of those reasons" articulated for departing from the sentencing guidelines. *People v Smith*, 482 Mich 292, 310-311; 754 NW2d 284 (2008). The prosecution concedes that the trial court failed to provide such an explanation. Accordingly, we must remand to the trial court to fill in the gaps in the record.

We affirm defendant's convictions, but remand to the trial court for resentencing or for further articulation by the trial court of its reasons for departing from the sentencing guidelines pursuant to *Steanhouse III*. We do not retain jurisdiction.

/s/Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher