*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CAROL ANN BOAK,

        Defendant-Appellant.

UNPUBLISHED
June 3, 2021

No. 340201
Clinton Circuit Court
LC No. 16-009711-FH

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Defendant originally applied for delayed leave to appeal, but this Court denied her application.[1]  Defendant then appealed to our Supreme Court, which held the matter in abeyance until it issued an opinion in *People v Dixon-Bey*, 504 Mich 939; 931 NW2d 302 (2019).[2] Ultimately, our Supreme Court remanded defendant's appeal for consideration as on leave granted.[3]  Thus, defendant appeals by leave granted the trial court's May 1, 2017 plea-based sentence after defendant pleaded guilty to producing child sexually abusive activity or material, MCL 750.145c(2); possession of child sexually abusive material, MCL 750.145c(4); and the distribution or promotion of child sexually abusive material, MCL 750.145c(3).  The trial court sentenced defendant to 12 to 20 years' imprisonment for the child sexually abusive activity conviction, 16 months to 4 years' imprisonment for the possession of child sexually abusive material conviction, and 48 months to 7 years' imprisonment for the distribution or promotion of child sexually abusive material conviction.  We affirm.

---

[1] *People v Boak*, unpublished order of the Court of Appeals, entered November 9, 2017 (Docket No. 340201).

[2] *People v Boak*, 915 NW2d 363 (Mich, 2018).

[3] *People v Boak*, 505 Mich 867; 935 NW2d 319 (2019).

## I. BACKGROUND

This case arises out of defendant sexually abusing a two-year-old girl, CB, possessing and distributing photos of CB's vagina, and possessing and distributing photos of an erect adult penis next to a nine-year-old girl, TB. CB was sleeping at defendant's home when defendant removed her diaper and took a picture of CB in a sexual position with her vagina held open. Defendant sent that picture to codefendant Kenneth Thelen.

Defendant then met codefendant Terry Plowman, and they discussed getting nude photos of TB. Plowman babysat TB and took three photos: one photo of his erect penis against her back, one photo of his penis tucked under her bottom, and one photo of his erect penis next to her head. Plowman texted those photos to defendant. Defendant then texted those photos to Thelen.

Defendant pleaded guilty to producing child sexually abusive activity or material, possessing child sexually abusive material, and distributing or promoting child sexually abusive material. Defendant's minimum sentencing guidelines range was 57 to 95 months' imprisonment for producing child sexually abusive activity or material. However, the trial court sentenced defendant to an upward departure sentence of 12 to 20 years' imprisonment, as noted *supra*. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, defendant challenges the departure sentence imposed for the producing child sexually abusive activity of material conviction, arguing that it is disproportionate and therefore unreasonable. We cannot agree.

We review a trial court's sentence for an abuse of discretion. *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019), quoting *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion by failing to adhere to the principle of proportionality when fashioning a sentence. *Id*. (citations omitted.) We review a trial court's factual finings at sentencing for clear error. *Id*. at 125-126. "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2018). When a sentence is disproportionate and therefore unreasonable, remand for resentencing is required. *Steanhouse*, 500 Mich at 476.

## III. ANALYSIS

The Michigan sentencing guidelines are advisory in nature, and therefore, when departing from them, the trial court's reasoning needs only to be reasonable. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). "[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality . . . ." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). A sentence adheres to the principle of proportionality if it reflects the seriousness of the circumstances surrounding the offense and the offender. *Steanhouse*, 500 Mich at 474, citing *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), abrogated by MCL 777.1 *et seq*., readopted by *Steanhouse*, 500 Mich 473.

While it may be that the sentencing guidelines provide the "best 'barometer' of where on the continuum from the least to the most threatening circumstances a given case falls[,]" *People v*

*Dixon-Bey*, 321 Mich App 490, 530; 909 NW2d 458 (2017) (citation omitted), a sentence that upwardly departs from the applicable minimum sentencing guidelines range may be more proportionate to the circumstances surrounding the offense and the offender. "[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range . . . include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *Id*. at 525 (citations omitted). When imposing a departure sentence, the trial court must justify the sentence imposed by explaining why it is more proportionate to the offense and the offender than a sentence within the guidelines would have been. *Id*.

Defendant argues on appeal that when imposing sentences in this case, the trial court did not sufficiently justify why the circumstances surrounding the offense and the offender warranted an upwards departure from the applicable minimum sentencing guidelines range. When imposing a departure sentence, the trial court articulated the following reasoning:

> The Department of Corrections has determined through their—their COMPAS scoring, which frankly it you as anyone—I have no idea what goes in that COMPAS score, that's something internal to the D-O-C, and without having benefit of—looking at the factors and seeing how the risk level is—is calculated, I don't—I acknowledge the D-O-C says you're low risk, I don't have confidence that you're low risk. Why don't I have confidence that you're low risk? Well, I—I looked at the letters that your loved ones sent on your behalf, who painted you in a very positive light—as one would expect of your mother and—and coworker, and you know, the others, but the conduct that you engaged in with—involving these two children, nine and two is heinous conduct, it—it turns my stomach. And I think anyone who were to read or to listen to your plea would conclude the same thing.
>
> I'm also concerned when contemplating one aspect of—of your sentencing, which is rehabilitation, whether that is something truly achievable. It does not surprise me you have trustee status at the jail, you're a good worker. That—that is not inconsistent with what other individuals who have been committed (sic) of sex offenses, you know, do. It's very possible to lead what I would call a double life, or to project an image that on the surface seems beyond reproach, when yet there is a very disturbing and—and ugly side that nonetheless exists. I am concerned when I think about public safety. Again, recognizing the D-O-C says you're low risk, but I hear blaming the codefendant, I've heard you say you're sorry, but you have never apologized to either of your two victims—
>
> * * *
>
> I certainly am mindful that today, [the victim's mother], who has bravely attended your sentencing and your codefendants sentencings once again has stood up and given a very heartfelt plea on behalf of her nine year old, whom you violated. And that to the Court suggests that, you know, there is a long road. Having heard from the nine year old in one of your codefendant's sentencings, I can tell you she is strong, she is bright, and I have said she's the bravest nine year old I have ever come to know.

\* \* \*

So, you know, I—I also contemplate the—the other function of sentencing, which is deterrence and the need to make an example so that others who may be teetering for whatever reason—and frankly, I don't buy into the fact that it was your divorce and your relationship with one of your codefendants that caused you to engage in this activity. Without a willingness, it wouldn't have happened.

I am mindful that I did give [a codefendant] eight years for his offense on the minimum, and that was because of very similar considerations, that in comparing what the Department of Corrections and the guidelines looked like that they were inadequate. I similarly find that they are inadequate in your situation for all of the—the reasons that I have indicated. It would not be reasonable nor just under the circumstances to impose a sentence within the guidelines range of fifty-seven to ninety-five months on the minimum, and therefore as to count one, sexual—child sexually abusive activity involving the two children, the Court's sentence is that you be sentenced to the Department of Corrections for a period of twelve years on the minimum to twenty years, with credit for two hundred seven days served, and you will serve that concurrently with counts two and three.

On the basis of the foregoing, we conclude that the trial court properly determined that the sentencing guidelines in this case did not adequately account for the circumstances surrounding the offense. The trial court properly considered the seriousness of defendant's conduct, which included the sexual assault and exploitation of two very young minor females. The trial court further considered the effect on the victims, and the fact that defendant failed to take responsibility for her role and apologize to the victim without making excuses for her behavior. Finally, the trial court noted defendant's willingness to participate in this type of activity with her codefendants; that without defendant being a willing participant, it may not have occurred. Thus, we conclude that the trial court did not abuse its discretion by imposing a sentence that upwardly departed from the minimum sentencing guidelines range.

Affirmed.

/s/ Kathleen Jansen